*Maxwell & Ramsey*, contra.

---

## MAINTENANCE OF WORK HOUSE PRISONERS.

Circuit Court of Cuyahoga County.

THE CITY OF CLEVELAND v. THE COMMISSIONERS OF CUYAHOGA COUNTY.

Decided, November 6, 1907.

*Municipal Corporations—Action against County for Maintenance of Prisoners Convicted of Violating State Statutes—Construction of Section 1536-369, and Section 2834b.*

1. The liability of county commissioners for maintenance of prisoners, sentenced by the common pleas court to a city work house, is not essentially contractual, but is based rather on the mandatory requirements of Section 1536-369, Revised Statutes.

2. Section 1536-369 is comprehensive, and excludes the interpolation of any supposed but unexpressed policy of the state as reflected by past legislation with reference to the distribution of the expense of maintaining prisoners offending against state statutes and city ordinances respectively.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

The sole question involved in this proceeding in error is the sufficiency of the petition. The action below was brought by the city to recover from the county the agreed price for maintenance in the city workhouse of prisoners committed thereto for violation of state statutes. The theory of the city is that the county is ultimately liable for such maintenance in all cases where the offense is statutory, and that the city's ultimate liability for such maintenance is confined to cases of violations of city ordinances. The petition alleges four causes of action differentiated according to the committing tribunals, viz: the Cuyahoga common pleas court, justices of the peace throughout the county, the mayor of Berea, and the Cleveland police court.

The correctness of the city's claim as to the first cause of action is substantially conceded, except that the contract price was not lawfully agreed upon between the parties in compliance with Section 2834b, Revised Statutes, in that the county auditor made no proper certificate as to the funds in the treasury.

This contention is, we think, without merit in view of the petition's averment that the contract was "duly" made, and also because the liability asserted is not essentially contractual, but is derived rather from the mandatory requirements of Section 1536-369, Revised Statutes.

The agreement as to the forty per cent. per diem price for maintaining each prisoner should, under the allegations of the petition, and in the absence of any averment to the contrary, be treated as an accord, respecting the actual cost of such compulsory maintenance.

So far, therefore, as the first cause of action is concerned, the judgment of the court of common pleas is affirmed.

Respecting the remaining three causes of action, Section 2104, Revised Statutes, repealed when the municipal code was enacted in October, 1902, would were it still in force, have settled the

whole controversy favorably to the city's contentions. And the city contends that the policy of the state, as reflected in past legislation and in the manifest equity of the matter, is still such that counties are the appointed agencies, constituted by the state, for maintaining those incarcerated in local penal institutions, for violation of its general laws, but that municipal corporations are made chargeable only with the maintenance of those incarcerated for violation of their own ordinances. Various analogies of other expenses thus apportioned between counties and municipalities are cited in support of this contention.

Section 1536-369, Revised Statutes, is the municipal code provision now applying to this subject, and it seems to be both explicit and comprehensive, so as to exclude the interpolation of any supposed but unexpressed policy of the state regarding the distribution of expense of maintaining these two classes of prisoners. It reads:

"When a person over sixteen years of age is convicted of an offense, under the law of the state or an ordinance of a municipal corporation, and the tribunal before which the conviction is had is directed by law to commit the offender to the county jail or corporation prison, the court, mayor, or justice of the peace, as the case may be, shall sentence the offender to the workhouse, if there is such house in the county; provided, that when a commitment is made from a city, village or township in the county, other than in the municipality containing such workhouse, the council of such city or village, or the trustees of such township, shall transmit with the mittimus a sum of money equal to forty cents per day for the time of such commitment, to be placed in the hands of the superintendent of such workhouse for the care and maintenance of such prisoner."

This section seems, moreover, to be in exact accord with the provisions of law in that behalf made by the municipal code of 1869 (66 O. L., 195), Sub-sections 275 and 280, as modified by 73 O. L., 211.

It was not until the enactment of Section 2104, Revised Statutes, March 11, 1884, that the policy asserted by the city was given legislative expression, and then only as to a part of the state. Without reviewing in detail here the history of legislation

upon this subject, it is enough to say that our examination thereof fails to reveal the fixing by the General Assembly of any such definite or continuous policy as the city declares to have been established.

If it be contended that a literal enforcement of Section 1536-369, Revised Statutes, would saddle the city with the expense of maintaining some prisoners convicted by its own police court, or before justices of the peace elected and sitting within its boundaries, of state offenses committed outside its corporate limits, it may be answered that such tribunals are presumed to be clothed with and to exercise their extra-municipal jurisdiction for the benefit of the community within and for which they act, just as similar tribunals in outlying townships of the same county may in certain like cases, and with equal propriety charge their own communities in respect of offenses committed in such city.  Concerning the possibility of a trifling over-lapping of benefits or expenses as between the taxpayers of a city and the taxpayers of outlying municipalities and townships in the same county, the maxim *de minimis non curat lex* is peculiarly applicable.

We have followed the interesting discussion in the city solicitor's brief of the statutes permitting contracts to be made for the maintenance of prisoners from foreign counties without perceiving that they involve any irreconcilable conflict with our construction of the laws applicable to the subject more immediately before us.

The judgment of the court below having followed the principles thus defined, is affirmed.

*Newton D. Baker*, City Solicitor, for plaintiff in error.

*John L. Cannon*, Assistant County Solicitor, for defendants in error.